**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Matthew Travis Houston, | Case No.: 2:26-cv-01077-APG |
| Petitioner | **Order Denying Motions for Leave to File, Denying Motion for Appointment of Counsel, Dismissing and Closing Case** |
| v. | |
| Jeremy Bean, *et al.*, | [ECF Nos. 1, 2, 3] |
| Respondents | |

*Pro se* Petitioner Matthew Travis Houston commenced this habeas action by filing a motions seeking leave to file his petition for writ of habeas corpus and an emergency motion for appointment of counsel. ECF Nos. 1, 2, 3.  Houston has been identified as a vexatious litigant and is subject to a prefiling injunction. *See Houston v. Encore Event Technologies, et al.*, Case No. 2:22-cv-01740-JAD-EJY.  Under that order, before Houston can file a new action in this court, he must satisfy three conditions:

> • Apply to the Chief Judge of this district for leave to file the document by submitting to the clerk's office an application bearing the title "Application to Chief District Judge Seeking Leave to File."
> • That application must be supported by a declaration from Houston, made under penalty of perjury, stating that: (1) the matters asserted in the new complaint or petition are different from those asserted in the actions he has previously filed in this district; (2) the new claim or claims are not frivolous or made in bad faith; (3) he has conducted a reasonable investigation of the facts and such investigation supports the claim or claims.
> • Houston must attach a copy of [Judge Dorsey's] order to any such application.

*Id*. at 8.

Houston has not met these requirements in this case.  Following review of Houston's filings in this action, I determine that the prefiling injunction is applicable. The petition plainly shows that Houston is not entitled to habeas relief. *See Hendricks*, 908 F.2d at 491 (summary

dismissal is appropriate when the petition's allegations are vague or conclusory, "palpably incredible," or "patently frivolous or false").  The petition consists of over 100 pages that includes unfocused rambling and documents from state district court proceedings, and any grounds for relief asserted therein are deficient.

I take judicial notice of Houston's three most recent habeas actions: *Houston v. Bean*, Case No. 3:24-cv-00605-ART-CLB, *Houston v. Bean*, Case No. 2:25-cv-00836-APG, and *Houston v. Bean*, Case No. 2:25-cv-02267-APG.  These three cases were dismissed, in part at least, because Houston did not demonstrate that he has exhausted any claim for habeas corpus relief in state court.  It appears that Houston still has not exhausted any claim for habeas corpus relief in state court.  To satisfy the exhaustion requirement, a claim must have been raised through one complete round of either direct appeal or collateral proceedings to the highest state court level of review available. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999); *Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc).  Although Houston attaches orders from the state appellate court, the orders address Houston's appeals of state district court minute orders and order dismissing the appeal for lack of jurisdictional for failure to identify any decision of the state district court. ECF No. 1 at 29-30, 36.

Houston also asserts allegations that are in the nature of prisoner civil rights claims.  Houston cannot pursue both types of claims, habeas corpus claims and prisoner civil rights claims, in the same case.  If a prisoner is not challenging the fact of his confinement, but instead the conditions under which he is being held, he must file a civil rights complaint. *Id*. at 933 ("[P]risoners may not challenge mere conditions of confinement in habeas corpus.") (citing *Crawford v. Bell*, 599 F.2d 890, 891-92 (9th Cir. 1979)).

I decline to recharacterize Houston's petition as a civil rights complaint. When a habeas petition is amenable to conversion on its face, federal courts may construe the petition to plead civil rights claims. *Nettles*, 830 F.3d at 935-36. However, habeas actions and prisoner civil rights cases "differ in a variety of respects—that may make recharacterization impossible or, if possible, disadvantageous to the prisoner compared to a dismissal without prejudice of his petition for habeas corpus." *Id.* In this case, the petition is not amenable to conversion on its face based on the differences between habeas and civil rights cases and because it is not clear whether recharacterization would disadvantage Houston. This action will be dismissed without prejudice.

I THEREFORE ORDER:

1. Petitioner Matthew Travis Houston's Motions to Chief Judge Seeking Leave to File (ECF Nos. 1, 3) are DENIED.

2. The emergency Motion for Appointment of Counsel (ECF No. 3) is DENIED.

3. This action is dismissed without prejudice. The Clerk of the Court is directed to enter judgment accordingly and close this case.

4. A certificate of appealability is denied because jurists of reason would not find debatable whether the court is correct in dismissing this action.

DATED: June 29, 2026

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE